IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WRIGHT TRANSPORTATION, INC., etc., | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  CIVIL ACTION 13-0352-WS-N ) |
| PILOT CORPORATION, et al., | ) ) |
| Defendants. | ) |

**ORDER**

The entity defendants (collectively, "Pilot") have appealed the decision of the Magistrate Judge denying their motion to stay. (Doc. 18). The interested parties have filed briefs in support of their respective positions, (Docs. 19, 25), and the appeal is ripe for resolution.

A Magistrate Judge's ruling on a non-dispositive matter must be affirmed unless "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *accord* Fed. R. Civ. P. 72(a); Local Rule 72.3(e). "The 'clearly erroneous or contrary to law' standard of review is extremely deferential. ... Relief is appropriate under the 'clearly erroneous' prong of the test only if the district court finds that the Magistrate Judge abused [her] discretion or, if after reviewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made. ... With respect to the 'contrary to law' variant of the test, an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Pigott v. Sanibel Development, LLC*, 2008 WL 2937804 at *5 (S.D. Ala. 2008) (citations and internal quotes omitted).

The motion to stay requested a stay on three grounds: (1) a class action (of which class the plaintiff is a member) has been tentatively resolved, with a fairness hearing

scheduled for November and final approval anticipated thereafter; (2) the MDL Panel then had pending a motion to consolidate and transfer a number of similar actions, including this one;[1] and (3) a criminal investigation into the conduct underlying the plaintiff's claims is ongoing.  (Doc. 7 at 1-3).  On appeal, Pilot invokes only the first of these reasons, thereby effectively abandoning the second and third.[2]

Pilot argues that, if the proposed class settlement is approved, and if the plaintiff does not opt out, the settlement will resolve and extinguish all of the plaintiff's claims. (Doc. 19 at 4-5, 12).  But the plaintiff has in fact timely opted out of the class, (Doc. 26),[3] which means that neither an approved class settlement nor the pendency of a proposed class settlement can affect the plaintiff's right to proceed in this action.

Pilot argues that, even after the plaintiff opts out, a stay is appropriate because it "would be particularly burdensome and wasteful for the Court and the parties to adjudicate at this time" the plaintiff's class allegations when approval of the class settlement will presumably preclude class treatment in this case.  (Doc. 19 at 13).  Pilot does not explain how the class allegations in this case could be "adjudicate[d]" before the apparently imminent resolution of the pending class action, but in any event the Magistrate Judge is perfectly capable of managing class discovery and certification so as to avoid any inappropriate overlap, should she deem it necessary.

Pilot focuses its energy on disagreeing with the Magistrate Judge's assessment of the predicted prejudice to each side should a stay be granted or denied.  But the question

---

[1] As Pilot acknowledges, (Doc. 13 at 4), the Panel later declined to order consolidation.

[2] Pilot purports to "adopt and incorporate" all the arguments and authorities it presented to the Magistrate Judge.  (Doc. 19 at 2).  Even if this were a permissible way of preserving an argument concerning the criminal investigation or possible MDL proceedings, Pilot's failure to address these arguments in its appellate brief precludes it from meeting its appellate burden with respect to them.

[3] The opt-out deadline is October 22, (Doc. 19 at 8), and the opt-out letter was sent by certified mail on or about October 11.  (Doc. 26, Attachment).

before the Court is not whether the Magistrate Judge's reasoning can be nitpicked but whether her order denying a stay is clearly erroneous or contrary to law. On the evidence and argument presented, her decision to deny a stay is neither. The Magistrate Judge's order is **affirmed**.

DONE and ORDERED this 21st day of October, 2013.

                                      s/ WILLIAM H. STEELE
                                      CHIEF UNITED STATES DISTRICT JUDGE