IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WRIGHT TRANSPORTATION, INC., etc., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PILOT CORPORATION, et al., )<br>)<br>Defendants. ) | <br><br><br><br><br>CIVIL ACTION 13-0352-WS-N |

ORDER

This matter is before the Court on the defendants' motions to dismiss. (Docs. 31, 34, 36, 38). The parties have filed briefs in support of their respective positions, (Docs. 32, 35, 43, 44-47), and the motions are ripe for resolution. After careful consideration, the Court concludes the motions are due to be granted in part and denied in part.

BACKGROUND

According to the complaint, the plaintiff is a long-haul trucking company with its principal place of business in Mobile County. (Doc. 1, ¶¶ 3, 23). Defendant Pilot Travel Centers, LLC ("Pilot Flying J") owns and operates a network of truck stops, travel centers and travel plazas throughout the United States. (*Id*., ¶ 25). Defendant Pilot Corporation ("Pilot Corp.") owns and operates Pilot Flying J. (*Id*., ¶ 24). Defendant James A. Haslam III was at all relevant times chairman and CEO of both Pilot entities. (*Id*., ¶ 26). Defendant Mark Hazelwood was at all relevant times president of both Pilot entities. (*Id*., ¶ 27). Defendant Brian Mosher was at all relevant times director of national accounts and a director of sales for Pilot Flying J. (*Id*., ¶ 28). Defendant John Freeman was at all relevant times vice president of sales for both Pilot entities. (*Id*., ¶ 29).

In or about 2005, the plaintiff entered a fuel rebate and/or discount contract with Pilot Flying J, pursuant to which Pilot Flying J sold diesel fuel to the plaintiff at a discount. (Doc. 1, ¶¶ 9. 23).  In April 2013, a 120-page affidavit executed by an FBI special agent was filed by the United States in support of an application for several search warrants and was thereafter unsealed. (*Id*., ¶¶ 4-5, 54).  The affidavit is attached to the complaint as an exhibit and is incorporated into the complaint by reference. (*Id*., ¶ 6).  The affidavit reflects a breathtakingly vast scheme to cheat customers of Pilot Flying J out of the benefits of the fuel discounts negotiated with those customers. (*Id*., Exhibit A).

The complaint sets forth the following claims against the designated defendants:

- Count One         RICO                              All but Pilot Flying J
- Count Two         RICO conspiracy                   All but Pilot Flying J
- Count Three       Breach of contract                Pilot Flying J
- Count Four        Deceptive trade practices         All defendants
- Count Five        Unjust enrichment                 All defendants
- Count Six         Fraudulent misrepresentation      All defendants
- Count Seven       Negligent misrepresentation       All defendants
- Count Eight       Suppression                       All defendants

(Doc. 1 at 24-35). The complaint also seeks class certification. (*Id*. at 20-22). The defendants seek dismissal of the complaint in its entirety under Rule 12(b)(6). (Doc. 34 at 1).[1]

## DISCUSSION

The Court addresses below the plaintiff's claims in the order presented in the complaint.

---

[1] Although the four individual defendants have filed three motions to dismiss, their briefing is limited to adoption of the arguments asserted by the Pilot entities. Accordingly, the Court focuses on the filings of the entity defendants.

**I.  RICO.**

The complaint alleges that the defendants (except Pilot Flying J) violated 18 U.S.C. § 1962(c).  (Doc. 1 at 24).  The "pattern of racketeering activity" is alleged to consist of "multiple, repeated, and continuous acts of mail fraud and/or interstate and/or foreign wire fraud."  (*Id*., ¶ 60).  Because the plaintiff relies on acts of mail and/or wire fraud, the complaint must satisfy Rule 9(b).  *American Dental Association v. Cigna Corp*., 605 F.3d 1283, 1291 (11th Cir. 2010).  "We have held that pursuant to Rule 9(b), a plaintiff must allege:  (1) the precise statements, documents, or misrepresentations made; (2) the time, place and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud."  *Id*.  The defendants assert that the complaint fails to satisfy Rule 9(b).  (Doc. 35 at 10-12).  The Court agrees.

The plaintiff insists it can rest on the allegations of the FBI agent's affidavit.  (Doc. 43 at 9).  The excerpts cited by the plaintiff, (id. at 9-14), may describe the internal workings of the scheme, but they say very little about communications with the victims.  More to the point, the affidavit does not reference the plaintiff at all, much less assert that any particular individual associated with any particular defendant made any particular statement to any particular representative of the plaintiff in any particular message transmitted via any particular form of communication on any particular date at any particular place.  Whatever play in the joints may exist for excusing some deficiencies in this regard, the plaintiff's failure is complete and cannot by any stretch of the imagination be said to satisfy even the most forgiving construction of Rule 9(b).  The plaintiff cites no authority at all, much less any authority indicating that the complaint alleges fraud with adequate particularity.

The defendants raise a number of other objections to the RICO claim but, because their Rule 9(b) argument is dispositive, the Court declines to address them.  The Court has and expresses no opinion whether these arguments, or any of them, would be independently adequate to require dismissal of Count One.

**II. RICO Conspiracy.**

The defendants argue that a RICO conspiracy claim must be dismissed if the substantive claim is dismissed.  (Doc. 35 at 17; Doc. 45 at 11).  This appears to be the law, at least when the conspiracy claim "does not contain additional allegations." *American Dental*, 605 F.3d at 1296 n.6 (internal quotes omitted).

The same rule applies when the deficiency in the substantive count is a failure to comply with Rule 9(b).  "[W]here a conspiracy claim alleges that two or more parties agreed to commit fraud, the plaintiff must also plead this act with specificity." *American United Life Insurance Co. v. Martinez*, 480 F.3d 1043, 1065 (11th Cir. 2007).  Thus, where a plaintiff's substantive and conspiracy RICO claims "fai[l] to plead the predicate acts of mail fraud with the particularity required under Rule 9(b) …," both claims are subject to dismissal on that basis.  *Id*.

The plaintiff's two-sentence argument – which addresses only the "enterprise" requirement of a RICO claim, (Doc. 43 at 18) – is unresponsive.  Since Count Two contains no allegations beyond those of Count One relative to the particularity requirement, (Doc. 1 at 27-28), it is equally subject to dismissal for violation of Rule 9(b).

The defendants assert additional reasons why Count Two should be dismissed.  (Doc. 35 at 17-19).  As with Count One, the Court does not consider these arguments because the deficiencies addressed above are dispositive.  Again, the Court has and expresses no opinion whether any of the defendants' other arguments would succeed.

**III. Breach of Contract.**

The defendants argue that the complaint fails to state a claim because it "does not identify the rebate 'and/or' discount contract [the plaintiff] had with Pilot, and it fails to identify the particular terms of any agreement allegedly breached."  (Doc. 35 at 23).  The only Eleventh Circuit case the defendants cite involved a motion for summary judgment, not a motion to dismiss, and so is inapposite.  No doubt a complaint for breach of

contract must satisfy Rule 8(a)(2), but the defendants have failed to show that the complaint in this case fails to do so.

The complaint alleges that the plaintiff and Pilot Flying J entered a contract that required Pilot Flying J "to credit or refund a certain percentage of Plaintiff's fuel purchases on a monthly basis." (Doc. 1, ¶ 23). The amount of the discount (expressed in cents per gallon) was agreed upon by the parties. (*Id*., ¶ 9). The contract required Pilot Flying J to rebate to the plaintiff the discounted amount on a monthly basis. (*Id*., ¶ 12). Instead of rebating the full, negotiated amount, however, Pilot Flying J "unilaterally with[e]ld a portion of the rebate." (*Id*.). Count Three incorporates all these allegations, (*id*., ¶ 71), and it is difficult to imagine what could be missing from them. The parties agreed to a set discount to be honored by rebate, and Pilot Flying J breached the agreement by rebating less than the full, agreed discount. The Court can detect no deficiency in these allegations, and the defendants' cursory argument is unilluminating. To the extent they suggest the contract must be attached to the complaint, that the title, date and/or signatories must be set forth, that the complaint must cite or quote a particular numbered paragraph of the contract, or that it must set forth the precise amount of the negotiated discount, none of their authorities (all unpublished) stand for any such proposition. With no authority and no explanation, the defendants' position cannot be accepted.[2]

## IV. Deceptive Trade Practices.

---

[2] The defendants' use of quotation marks around "and/or" suggests an objection to ambiguity about whether the plaintiff's contract was a rebate contract (with the customer paying the retail price and later receiving a rebate check representing the discount) or a discount contract (with the customer receiving a bill reflecting the discount, which bill the customer would then pay). (Doc. 1, ¶¶ 10-12). The matter does not seem ambiguous to the Court, since the complaint states that the plaintiff used the rebate option, (*id*., ¶ 12), with references to the other option included only because the plaintiff sought to represent a class containing customers who selected either option. (*Id*., ¶ 45). At any rate, the defendants have not explained how any ambiguity as to the option selected by the plaintiff prevents the complaint from stating a cause of action.

Count Four alleges that the defendants violated Section 8-19-5 of the Alabama Code. (Doc. 1, ¶ 82). That provision is part of Alabama's Deceptive Trade Practices Act ("the Act"). Section 8-19-5 lists a number of unlawful acts or practices, but it is Section 8-19-10 that creates a cause of action and establishes its limits. It provides in relevant part that "[a]ny person who commits one or more of the acts or practices declared unlawful under this chapter and thereby causes monetary damage to a consumer … shall be liable to each consumer" for specified damages. *Id*. § 8-19-10(a). A "consumer" is defined as "any natural person who buys goods or services for personal, family or household use." *Id*. § 8-19-3(2). Thus, an artificial entity has no claim under the Act. *E.g., EBSCO Industries, Inc. v. LMN Enterprises, Inc.*, 89 F. Supp. 2d 1248, 1266 (N.D. Ala. 2000); *In re: Ford Motor Co. E-350 Van Products Liability Litigation*, 2008 WL 4126264 at *22 (D.N.J. 2008); *In re: Bextra and Celebrex Marketing Sales Practices and Product Liability Litigation*, 495 F. Supp. 2d 1027, 1036 (N.D. Cal. 2007).[3]

As the defendants point out, (Doc. 35 at 24-25), the plaintiff is not a natural person, and it did not purchase fuel for personal, family or household use. The plaintiff offers no argument to the contrary. (Doc. 43 at 21). This claim is thus due to be dismissed.

## V. Unjust Enrichment.

As this Court has noted, "Alabama law is clear that quasi-contractual, equitable remedies such as unjust enrichment are not cognizable in the presence of an express contract between the parties that governs the same subject matter." *Branch Banking and Trust Co. v. Howard*, 2013 WL 951652 at *5 (S.D. Ala. 2013). The defendants, citing *Howard*, conclude that Count Five is precluded by Count Three. (Doc. 35 at 27-28).

---

[3] The Act does permit a cause of action for non-natural persons, but only with respect to two acts or practices, involving pyramid schemes and seller-assisted marketing plans. Ala. Code § 8-19-5(19), (20); *id*. § 8-19-10(a). Neither is remotely implicated here.

The plaintiff responds that, while this principle precludes an ultimate recovery under both theories, it does not preclude the plaintiff from asserting both theories in its complaint. (Doc. 43 at 21). But, assuming a plaintiff may appropriately plead an unjust enrichment claim in the alternative (based on the premise that no express contract exists),[4] it has not done so. Count Five incorporates all prior allegations of the complaint, (Doc. 1, ¶ 88), and therefore incorporates the allegation of an express contract. (*Id*., ¶ 23). "Given that Count [Five] thus alleges an express contract covering the same subject matter, the plaintiff's unjust enrichment claim must fail as a matter of law." *Gould v. Transamerica Life Insurance Co*., 2012 WL 512667 at *3 (S.D. Ala. 2012).

According to the defendants, this argument is fatal to Count Five in toto. But the plaintiff's contract is with Pilot Flying J only, and the defendants have failed to explain how the resulting preclusion of a viable unjust enrichment claim can extend beyond that contracting defendant. The claim is thus due to be dismissed as to Pilot Flying J only.

**VI. Fraud.**

The plaintiff's claims of fraudulent misrepresentation, negligent misrepresentation and suppression can be considered together. As the Court has previously held, "[c]laims of fraudulent suppression, like claims of fraudulent misrepresentation, must be pleaded with particularity under Rule 9(b)." *RC Lodge, LLC v. SE Property Holdings, LLC*, 2012 WL 2898815 at *3 (S.D. Ala. 2012) (internal quotes omitted). The Court likewise has recognized that Rule 9(b) must be satisfied with respect to claims of negligent misrepresentation. *Abrams v. CIBA Specialty Chemicals Corp*., 2008 WL 4183344 at *8 (S.D. Ala. 2008); *Preis v. Lexington Insurance Co*., 2006 WL 2378418 at *1-2 (S.D. Ala. 2006).[5] The plaintiff does not disagree. (Doc. 43 at 18-19). As discussed in Part I, the

---

[4] The Court has indulged this assumption in past cases. *Howard*, 2013 WL 951652 at *6; *Gould v. Transamerica Life Insurance Co*., 2012 WL 512667 at *3 (S.D. Ala. 2012).

[5] *See also Inman v. American Paramount Financial*, 517 Fed. Appx. 744, 748 (11th Cir. 2013) (claim of negligent misrepresentation must satisfy Rule 9(b)); *Smith v. Ocwen Financial*, 488 Fed. Appx. 426, 428 (11th Cir. 2012) (same); *see generally* Ala. Code § 6-5-101

complaint does not come anywhere near satisfying Rule 9(b).  These claims are thus due to be dismissed.

**VII.  Class Claims.**

The plaintiff concurs with the defendants that the judicial approval of a proposed class action settlement in the Eastern District of Arkansas would deprive it of standing to pursue class claims herein.  (Doc. 35 at 29-30; Doc. 43 at 21).  That approval has now occurred.  (Doc. 48 at 5).

## CONCLUSION

For the reasons set forth above, the defendants' motions to dismiss are **granted** with respect to Counts One, Two, Four, Six, Seven and Eight; **granted** as to Pilot Flying J only with respect to Count Five; and **granted** as to all class claims.  These claims, counts and portions of counts are dismissed.  As to Counts One, Two, Six, Seven and Eight, dismissal is with leave to amend.  In all other respects, the motions to dismiss are **denied**.

DONE and ORDERED this 9th day of January, 2014.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

("Misrepresentations of a material fact … made by mistake and innocently and acted on by the opposite party … constitute legal fraud.").