IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WRIGHT TRANSPORTATION, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION  13-0352-WS-N |
| | ) |
| PILOT CORPORATION, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on the plaintiff's motion to dismiss and for sanctions. (Doc. 104). The parties have filed briefs in support of their respective positions, (Docs. 104-1, 118, 121), and the motion is ripe for resolution. After careful consideration, the Court concludes that the motion to dismiss is due to be granted and the motion for sanctions is due to be denied.

# BACKGROUND

The plaintiff, an Alabama citizen, brought this action in federal court against a corporation, a limited liability company ("Pilot Flying J") and several individuals. (Doc. 1 at 1). The complaint included two RICO counts and six state law counts, and it sought class certification. (*Id*. at 24-35). The complaint asserted subject matter jurisdiction based on: 18 U.S.C § 1964(a) (RICO); 28 U.S.C § 1332(d) (Class Action Fairness Act ("CAFA")); 28 U.S.C. § 1332(a) (diversity); and 28 U.S.C. § 1367 (supplemental jurisdiction). (Doc. 1 at 15).

On January 9, 2014, the Court granted in part the defendants' motion to dismiss. (Doc. 68). The Court dismissed all RICO claims and all class claims, as well as many of the state claims. When the dust settled, all that remained was a

claim for breach of contract against Pilot Flying J and a claim for unjust enrichment against all other defendants.  (*Id*. at 2, 8).

In April 2014, the defendants succeeded in their efforts to establish a multi-district litigation and to have this case transferred to such proceedings.  (Doc. 100).  In the summer of 2015, in response to prodding by the MDL Court (which was concerned about its subject matter jurisdiction over several of the consolidated cases), the defendants disclosed that a sub-sub-sub-sub-member of Pilot Flying J is (and was when this action was filed) a citizen of Alabama.  (Doc. 114 at 5619-23).  For jurisdictional purposes, "a limited liability company is a citizen of any state of which a member of the company is a citizen."  *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).  Thus, the defendants' revelation (and a similar one regarding Pilot Flying J's Ohio citizenship) resulted in the dismissal without prejudice of many of the actions for lack of subject matter jurisdiction and the remand of this action in September 2015.  (Doc. 103).[1]

The plaintiff argues:  that the Court's ruling on motion to dismiss eliminated all claims supporting subject matter jurisdiction under RICO and CAFA; that, had the defendants disclosed the absence of diversity jurisdiction, the Court could at that time have considered whether to exercise or decline supplemental jurisdiction over the remaining state claims; that the defendants' failure to disclose Pilot Flying J's Alabama citizenship constituted a "fraud upon th[e] Court"; and that, as a result, the Court should dismiss the plaintiff's remaining claims without prejudice (to allow re-filing in state court) and impose unspecified sanctions on Pilot Flying J.  (Doc. 104-1 at 2, 5-13).

---

[1] "When an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court."  *Purchasing Power, LLC v. Bluestern Brands, Inc.*, 2015 WL 73890 (N.D. Ga. 2015) (internal quotes omitted); *accord Pinnacle Towers LLC v. Airpowered, LLC*, 2015 WL 789167 at *2 (M.D. Fla. 2015).

The defendants concede that the Court never had diversity jurisdiction over this action, but they argue: that the Court continues to have CAFA jurisdiction; that the Court and the MDL Court both properly exercised supplemental jurisdiction; that dismissal would prejudice the defendants due to their investment of time and resources defending the plaintiff's claims; and that the request for sanctions is frivolous and devoid of support. (Doc. 118 at 2).

## DISCUSSION

**I. Motion to Dismiss.**

In general, "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The Court has original jurisdiction based on the RICO claims and CAFA claims; because the Court has at all times lacked original jurisdiction over the state claims due to the absence of complete diversity, the Court has only supplemental jurisdiction over those claims.

"The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Because the Court has dismissed all claims (RICO and CAFA) over which it has original jurisdiction, the Court has discretion to dismiss the remaining state claims under Section 1367(c).[2]

---

[2] The defendants insist that "post-filing events do not divest a court of CAFA jurisdiction." (Doc. 118 at 5). This may be so, *see Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009), but it is irrelevant; the dismissal of the CAFA (and RICO) claims means the Court "has dismissed all claims over which it has original jurisdiction," which means its statutorily granted discretion to decline to exercise supplemental jurisdiction has been triggered. *See, e.g., Brown v. Mortgage Electronic Registration Systems, Inc.*, 738 F.3d 926, 933 (8th Cir. 2013) (upon dismissing CAFA claim, trial court had discretion under Section 1367(c) whether to retain state claim).

In exercising its discretion under Section 1367(c), "the court should take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (internal quotes omitted); *accord Estate of Amergi ex rel. Amergi v. Palestinian Authority*, 611 F.3d 1350, 1366 (11th Cir. 2010). However, "[w]e have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Raney v. Allstate Insurance Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004). This preference exists because, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine — judicial economy, convenience, fairness, and comity — will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

The preference for declining supplemental jurisdiction is particularly strong when the federal claims "have dropped out of the lawsuit in its early stages." *Cohill*, 484 U.S. at 350. Here, they dropped out on motion to dismiss, before any discovery occurred. Had the Court been then advised that diversity jurisdiction was absent, the remaining state claims would have been swiftly dismissed under Section 1367(c).

The defendants suggest that, regardless of what would have happened, the landscape is now so altered that the Court should exercise supplemental jurisdiction over the remaining state claims. What has changed, they say, is the passage of time and the continued federal litigation of this action in the misapprehension that original jurisdiction existed. The defendants argue this means the Court (and the MDL Court) have actually exercised supplemental jurisdiction for the past 21 months and therefore should continue to do so. (Doc. 118 at 2, 6-8). But of course neither tribunal knew during that time that the only actual basis for jurisdiction was supplemental jurisdiction, and so neither made a

4

conscious decision to exercise such jurisdiction. The Court's discretion is not in the least circumscribed by the history of this case.

Even had the federal claims only recently been eliminated, the preference for not exercising supplemental jurisdiction over state claims also applies when the federal claims are removed on motion for summary judgment. *See, e.g., Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *Murphy v. Florida Keys Electric Cooperative Association*, 329 F.3d 1311, 1320 (11th Cir. 2003); *Graham v. State Farm Mutual Insurance Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999) ("If no federal claim survives summary judgment, the court sees no reason why the other claims should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(3).").[3] In such a situation, considerations of comity and fairness among the parties continue to favor remand. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, ... the state claims should be dismissed as well."). Thus, even had the federal claims been only recently dismissed, retention of jurisdiction in this case would be indicated only if considerations of judicial economy and convenience favored such retention with sufficient force to outweigh the continuing pull of comity and fairness towards remand.

---

[3] Other Eleventh Circuit cases affirming a trial court's decision to decline supplemental jurisdiction after dismissing all federal claims on motion for summary judgment include, without limitation, *Finn v. Haddock*, 459 Fed. Appx. 833, 838 (11th Cir. 2012); *Handi-Van Inc. v. Broward County*, 445 Fed. Appx. 165, 170 (11th Cir. 2011); *Dockens v. DeKalb County School System*, 441 Fed. Appx. 704, 709 (11th Cir. 2011); *Linares v. Armour Correctional Health Services, Inc.*, 385 Fed. Appx. 926, 929 (11th Cir. 2010); *Dukes v. Georgia*, 212 Fed. Appx. 916, 917 (11th Cir. 2006); *Arnold v. Tuskegee University*, 212 Fed. Appx. 803, 811 (11th Cir. 2006); *Lingo v. City of Albany*, 195 Fed. Appx. 891, 894 (11th Cir. 2006); *Austin v. City of Montgomery*, 196 Fed. Appx. 747, 755 (11th Cir. 2006); and *Ingram v. School Board*, 167 Fed. Appx. 107, 108-09 (11th Cir. 2006).

Impacts on judicial economy are measured in order to "support the conservation of judicial energy and avoid multiplicity in litigation" or "substantial duplication of effort." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 746 (11th Cir. 2006) (internal quotes omitted).  The Court discerns no appreciable negative impact on judicial economy by dismissing this action for refiling in state court.  It is true that the action has been pending in federal court for over two years, but the majority of that time was spent before the MDL Court, and this Court does not acquire that Court's familiarity with the case by osmosis.  The defendants suggest the Court is familiar with the case based on having resolved the motion to dismiss, (Doc. 118 at 7), but all the Court resolved concerning the remaining claims for breach of contract and unjust enrichment is that the complaint did not have to plead the contract claim with specificity and that the plaintiff cannot pursue an unjust enrichment claim against Pilot Flying J while alleging in the same count that it has an express contract with that defendant.  (Doc. 68 at 4-5, 6-7).  This is not a level of familiarity that weighs in favor of exercising supplemental jurisdiction.

As for convenience, the plaintiff is an Alabama corporation with its principal place of business in Mobile County, (Doc. 1 at 10), and it employs local counsel.  If litigation in Alabama is meaningfully inconvenient for the defendants, one might have expected them to have moved for a change of venue pursuant to 28 U.S.C. § 1404(a) during the nine months the action was pending here, but no such motion was ever pursued.  Nor do the defendants even now identify any inconvenience inhering in an Alabama forum.

The Court has often engaged in a similar analysis after all federal claims were dismissed on motion for summary judgment and decided not to exercise supplemental jurisdiction over remaining state claims in the absence of diversity

jurisdiction.[4] This case offers no more compelling an argument for exercising supplemental jurisdiction than did those.

In summary, after weighing the relevant factors as identified and expounded upon by controlling authority, the Court concludes that it should exercise its discretion not to exercise supplemental jurisdiction. In such a case, the proper course is to "dismiss[s] [the state claims] without prejudice so that the claims may be refiled in the appropriate state court." *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999).

The defendants argue that, in order to obtain dismissal, the plaintiff must satisfy Rule 41(a)(2). They continue that the prejudice to them of a dismissal without prejudice (in the form of time and resources expended in defending this action) counsel against a dismissal under that rule, at least absent an order that the plaintiffs pay the defendants' fees and expenses incurred in this action as a condition to filing a state action.

The defendants say this prejudice to them is the plaintiff's fault because the plaintiff could have obtained a state forum in early 2014 by voluntarily dismissing the action under Rule 41(a)(1) after receiving the Court's ruling on motion to dismiss. (Doc. 118 at 2, 8-10). But of course there could be no purpose in such maneuvering if complete diversity existed, since the defendants would simply remove any such action, and the defendants have not explained why the plaintiff should have been expected to know that a sub-sub-sub-sub-member of Pilot Flying J was a citizen of Alabama. In any event, the action is not being dismissed under

---

[4] *E.g., Dunavant v. Sirote and Permutt, P.C.*, 2014 WL 2885483 (S.D. Ala. 2014); *Dyas v. City of Fairhope*, 2011 WL 941496 (S.D. Ala. 2011); *Amazing Grace Bed & Breakfast v. Blackmun*, 2011 WL 777892 (S.D. Ala. 2011); *Young v. City of Gulf Shores*, 2009 WL 920302 (S.D. Ala. 2009).

Rule 41 but under Section 1367(c), rendering the defendant's argument beside the point.[5]

## II. Motion for Sanctions.

As noted, the plaintiff accuses Pilot Flying J of perpetrating a "fraud upon this Court." (Doc. 104-1 at 2). Such conduct would be sanctionable, but the plaintiff offers little to support the accusation. The plaintiff focuses on Pilot Flying J's answer to the complaint's jurisdictional paragraph. The complaint identified the four jurisdictional bases listed above, including the allegation that "the Parties are citizens of different states and/or foreign states." (Doc. 1 at 15). Pilot Flying J answered that the jurisdictional paragraph "contains legal conclusions or other conclusions as to which no response is required." (Doc. 78 at 13-14). The plaintiff says that Pilot Flying J thereby "intentionally skirted the issue," but this is not clearly so. First, the plaintiff offers no proof that Pilot Flying J at any relevant time realized that a sub-sub-sub-sub-member was a citizen of Alabama. Second, the plaintiff offers no proof that Pilot Flying J at any relevant time realized that the citizenship of a sub-sub-sub-sub-member would be relevant to the existence of diversity jurisdiction; the plaintiff itself did not know the correct test,[6] so it is difficult to assume Pilot Flying J knew.

The plaintiff argues that Pilot Flying J had an incentive to "hid[e]" the citizenship of its members, in order to remain in federal court and ultimately in

---

[5] Nor was a motion to dismiss necessary to prompt the dismissal accomplished by this order. Even had the plaintiff not moved to dismiss, the Court, upon learning of the absence of diversity jurisdiction and ordering briefing thereon, would have dismissed the action without prejudice *sua sponte* pursuant to Section 1367(c). *See, e.g., Beavers v. City of Atlanta*, 2015 WL 1509485 at *11 (N.D. Ga. 2015) ("Under this code section [Section 1367(c)], the Court is empowered to act *sua sponte*.").

[6] The complaint addresses citizenship by describing Pilot Flying J as "a Delaware limited liability company with its principal place of business in Knoxville, Tennessee." (Doc. 1 at 12). In other words, the plaintiff made the common mistake of assuming the test of citizenship for an LLC is the same as the test of citizenship for a corporation. For all that appears, Pilot Flying J operated under the same misapprehension.

multi-district litigation. (Doc. 104-1 at 2). Incentive, however, is not of itself enough to demonstrate the intentional perpetration of a fraud on the Court.

The record is inadequate to enable the Court to find that Pilot Flying J either did or did not engage in inappropriate conduct in connection with the diversity issue. That indefiniteness is fatal to the plaintiff's motion.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion to dismiss is **granted** and its motion for sanctions is **denied**. This action is **dismissed without prejudice** pursuant to Section 1367(c).

DONE and ORDERED this 27th day of October, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE